IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORNELIUS WYATT, § | | |
| TDCJ #631802, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-1343 |
| § | | |
| JOHN DOE, *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Cornelius Wyatt is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and he has submitted a motion to proceed with his claims *in forma pauperis*. After conducting a preliminary review of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.    BACKGROUND

Wyatt is presently incarcerated at the Connally Unit in Kenedy, Texas. He sues two "John Doe" defendants employed by TDCJ as transportation officers. Wyatt complains that, during his transport from the Darrington Unit in Rosharon to the Connally Unit on July 22, 2005, the bus developed a flat tire and then caught on fire because John Doe #1 "took to[o] long to pull over . . . ." John Doe #2 reportedly attempted to put out the fire with an extinguisher. Wyatt complains, however, that he sustained a 2nd degree burn on his right arm, from the elbow to the top of his hand, because ten minutes passed before any attempt

was made to get prisoners off the bus.

Wyatt complains that John Doe #1 and John Doe #2 were deliberately indifferent to his personal safety. He seeks "compensatory, punitive, [and] actual damages," as well as costs of court. The Court concludes, however, that Wyatt's complaint must be dismissed as premature because he has not yet completed the exhaustion of available administrative remedies.

**II.     EXHAUSTION**

This suit is governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the United States Supreme Court held that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. The Fifth Circuit has emphasized that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). *See also Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the PLRA requires exhaustion of all claims brought by prisoners concerning prison conditions, including those involving the use of excessive force); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (holding that *Porter* squarely precludes an unexhausted failure-to-protect claim).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*,

2

162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). Wyatt concedes in his complaint that he has not exhausted the grievance procedure available at the prison unit. In that regard, Wyatt admits that his Step 1 grievance is still under consideration by prison officials. By failing to exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a).

The Supreme Court has recognized that Congress enacted the exhaustion requirement found in § 1997e(a) to allow prison officials the time and the opportunity to investigate and address complaints internally. *Porter*, 534 U.S. at 525; *see also Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) ("Since [the] internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems."). By requiring a prisoner to comply with grievance procedures, prison officials may be able to take corrective action, resolving the grievance without resort to federal court. *Porter*, 534 U.S. at 525. Administrative review further serves to filter out frivolous claims or, in the event of a federal case, allows prison officials the opportunity to develop an administrative record to facilitate adjudication of that case. *See id.*

Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). As the Fifth Circuit has emphasized, this means that a prisoner must exhaust

his administrative remedies *before* filing suit.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The pleadings do not demonstrate that the plaintiff has fully exhausted his administrative remedies with respect to the claims in this case.  Because it appears clear from the pleadings that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.  *See Wright*, 260 F.3d at 359.  The dismissal is without prejudice to re-filing once this claim is properly exhausted.  *See id*.

### III.     CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The Court will not enter a collection order for the filing fee at this time because the plaintiff's suit is premature.

3. The plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **April 27, 2006.**

_____
Nancy F. Atlas
United States District Judge