IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORNELIUS WYATT, <br> TDCJ #631802, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-06-1343 |

## **ORDER**

On April 27, 2006, this Court dismissed the civil rights complaint filed by state inmate Cornelius Wyatt, without prejudice, for lack of exhaustion. Wyatt has filed a motion for reconsideration, which the Court construes as governed by Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. #6). The motion is **denied** for reasons set forth briefly below.

Wyatt filed this civil rights suit under 42 U.S.C. § 1983 against two unnamed transportation officers for injuries sustained in a bus fire that reportedly occurred on July 22, 2005. TDCJ has a formal two-step administrative grievance process for addressing inmate complaints. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Although Wyatt alleged that he had exhausted his remedies, the pleadings in this case showed otherwise. In that respect, the pleadings showed that Wyatt's Step 1 grievance concerning his complaint remained under investigation. Noting that TDCJ had not yet completed its administrative investigation, the Court concluded that the complaint in this case was premature and

dismissed without prejudice for failure to fully exhaust all available administrative remedies prior to filing suit in federal court as required by 42 U.S.C. § 1997e(a).

Wyatt asks the Court to set aside the dismissal order in this case, arguing that he has diligently attempted to exhaust his administrative remedies. A Rule 59(e) motion "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Wyatt's motion falls short of meeting this burden. In that regard, Wyatt confirms that as of April 18, 2006 his Step 1 grievance remains "under investigation." Although Wyatt reportedly filed a Step 2 grievance anyway, he further admits that it has not been returned to him and that administrative review of his claims, therefore, is not yet complete.

To the extent that Wyatt complains that the investigation has been unduly prolonged, his copy of the Step 1 grievance that is attached to the complaint shows that it was filed on August 4, 2005. The Supreme Court has recognized that Congress enacted the exhaustion requirement found in 42 U.S.C. § 1997e(a) for the very purpose of allowing prison officials the time and the opportunity to investigate and address complaints internally. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The results of an internal investigation will unquestionably assist future court proceedings by Wyatt, if any. This is particularly true where, as here, Wyatt does not know the names of the two transportation officers that he seeks to hold accountable. Wyatt does not establish that the investigation has been delayed unreasonably and he does not demonstrate grounds to excuse the mandatory exhaustion

requirement. Because Wyatt does not establish that TDCJ has completed its administrative investigation concerning the incident that forms the basis of his complaint, Wyatt fails to demonstrate that the dismissal order was entered in error or that he is entitled to relief under Rule 59(e).

Accordingly, it is **ORDERED** that his motion for reconsideration (Doc. #6) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **May 19, 2006.**

_____
Nancy F. Atlas
United States District Judge